IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

    Plaintiff,

vs.

SACRAMENTO POLICE DEPARTMENT,
K-9 Unit, OFFICER G. Dahl #672,
DOES 1 to 50;

    Defendants.
_____/

No. CIV S-08-2547 LKK EFB PS

<u>ORDER AND</u>
<u>ORDER TO SHOW CAUSE</u>

    Presently pending is the motion of defendant Police Officer Gary Dahl for dismissal from this action, noticed for hearing before this court on December 10, 2008. Dahl removed this action from the Sacramento County Superior Court on October 24, 2008. Plaintiff proceeds *pro se* in this action, which was referred to the undersigned pursuant to E. D. Cal. L. R. ("Local Rule") 72-302(c)(21).

    In response to defendant's motion, plaintiff has filed an application to proceed *in forma pauperis,* and a near-identical copy of the complaint plaintiff filed in Superior Court.[1] The principal difference between the two is that the most recent complaint seeks to respond to the

---

[1] Although the word "Amended" is handwritten at the top of the complaint, the same is true of the complaint filed in Superior Court.

1

pending motion by more clearly identifying the challenged conduct of Officer Dahl.  However, plaintiff has filed neither an opposition nor statement of non-opposition to defendant's motion, rendering construction of plaintiff's arguments implicit only.

Local Rule 78-230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be personally served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date,[2] or, in this case, by November 26, 2008.  Local Rule 78-230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."  In addition, Local Rule 83-183, governing persons appearing *in propria persona*, provides that failure to comply with the Federal Rules and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  "Failure to follow a district court's local rules is a proper ground for dismissal."  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Finally, Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Additionally, plaintiff is not required to a pay a filing fee in this court or pursue an application to proceed *in forma pauperis,* since defendant has already paid the filing fee upon removal of this case from Superior Court.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to designate as "Disregard" plaintiff's proposed amended complaint [Dckt. No. 7] and application to proceed *in forma pauperis* [Dckt. No. 8].

////

---

[2] Electronic or mail service of an opposition upon the moving party must be made seventeen days preceding the scheduled hearing date.  Local Rule 78-230(c).

2

2. The hearing on defendant's motion to dismiss, currently scheduled for December 10, 2008, is hereby continued to January 21, 2009, at 10:00 a.m., in Courtroom No. 25.

3. Plaintiff shall show cause, in writing, no later than January 7, 2009, why sanctions should not be imposed for failing timely to file an opposition or a statement of non-opposition to the pending motion.

4. Plaintiff shall file an opposition or statement of non-opposition to defendant's motion, no later than January 7, 2009. Plaintiff may attach to his opposition or statement a proposed amended complaint, i.e., the complaint lodged November 4, 2008, or an alternate proposed amended complaint.

5. Failure to timely file an opposition will be deemed a statement of non-opposition by plaintiff, and shall result in a recommendation that defendant's motion be granted and this action be dismissed.

IT IS SO ORDERED.

DATED: December 4, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3