IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

     Plaintiff,　　　　　　　　　　　No. CIV S-08-2547 LKK EFB PS

     vs.

SACRAMENTO POLICE DEPARTMENT,　　ORDER
K-9 Unit, OFFICER G. Dahl #672,
DOES 1 to 50;

     Defendants.
_____/

    This matter was before the court on January 21, 2009, for hearing on defendant, Sacramento Police Officer, Gary Dahl's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Attorney Marcos Kropf appeared on behalf of defendant. Plaintiff appeared and represented himself in *pro se*.

    Defendant's motion was previously scheduled for hearing on December 10, 2008. However, plaintiff failed to file either an opposition brief, or statement of no opposition, as required by the Local Rules. Accordingly, on December 4, 2008, this court continued the hearing date and issued an order directing plaintiff to show cause why sanctions should not be imposed for his failure to respond to defendants' motion.

////

1

Plaintiff has now filed an opposition to the motion and has responded to the order to show cause, and the court declines to impose sanctions.[1]

Since the filing of the motion to dismiss plaintiff filed, on November 4, 2008, a proposed amended complaint.[2] It appears that plaintiff intends this newly filed complaint to supersede his original complaint and to proceed as the operative complaint in this case.

Although the subsequent filing of an amended complaint that may or may not moot the issues raised in the motion and creates certain inefficiencies to the extent that it might require re-briefing of the motion, it is apparent that the amended complaint here is permitted by the rules. "Under Rule 15(a) of the Federal Rules of Civil Procedure, '[a] party may amend the party's pleading *once* as a matter of course at any time before a responsive pleading is served. . . ." Fed. R. Civ. P. 15(a). . . 'A motion to dismiss is not a "responsive pleading" within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that stage is improper." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995) (emphasis added) (internal quotation marks omitted)." *United States ex rel. Saaf v. Lehman Brothers*, 123 F.3d 1307, 1308 (9th Cir. 1997).

Here, defendant has filed a motion to dismiss but has not served a responsive pleading for purposes of whether plaintiff may amend as of right under Rule 15. Plaintiff's amended

---

[1] Plaintiff asserts that he was "unable to attain legal guidance." Although the court declines to impose sanctions in this instance, plaintiff is admonished that he must comply with the Local Rules of practice before this court regardless of whether he proceeds with counsel or in *pro se*. Failing to timely file either an opposition or statement of no opposition to a motion is a violation of Local Rule 78-230(c) and may result in the imposition of sanctions pursuant to Local Rule 11-110, including, if appropriate, the sanction of dismissal. Plaintiff is cautioned that while the pleadings of *pro se* litigants are construed liberally, *Abassi v. I.N.S.*, 305 F.3d 1028, 1032 (9th Cir. 2002), *pro se* litigants are expected to comply with procedural rules, *McNeil v. United States*, 508 U.S. 106, 113 (1993), *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-1108 (9th Cir. 2000).

[2] Although captioned for filing in the Sacramento County Superior Court, the amended complaint bears this court's case number and is substantively more detailed than plaintiff's original complaint. *Plaintiff is instructed that all further documents submitted for filing in this case must be captioned for filing in the United District Court for the Eastern District of California.*

1  complaint is therefore permissible under Rule 15 and thus supersedes his original pleading.

2  Defendant's motion as to the original complaint is therefore moot.  However, defendant shall

3  have an opportunity to refile any appropriate motion addressing the amended complaint.

4       Accordingly, IT IS HEREBY ORDERED that:

5       1. Defendant's motion to dismiss [Dckt. No. 6] plaintiff's original complaint is denied as

6  moot.

7       2. The order to show cause is discharged.

8       3. The action shall proceed on the amended complaint filed on November 4, 2008; the

9  provision in paragraph one of the Order filed December 4, 2008 to designate that complaint as

10 "disregard" is vacated.

11      4. Defendants shall have twenty days after the filing date of this order to file a

12 responsive pleading to the amended complaint which may include a new motion.

13 DATED: January 21, 2009.

                       EDMUND F. BRENNAN
                       UNITED STATES MAGISTRATE JUDGE