IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

    Plaintiff,

vs.

SACRAMENTO POLICE DEPARTMENT, OFFICER GARY DAHL #672,

    Defendants.

                                   /

No. CIV S-08-2547 LKK EFB PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding *pro se* in this action, which was referred to the undersigned pursuant to Eastern District of California Local Rule ("Local Rule") 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1).

On October 5, 2009, plaintiff filed an amended complaint against the Sacramento Police Department and Officer Gary Dahl, and also filed a motion for summary judgment. Dckt. Nos. 53, 54. Plaintiff noticed the motion for hearing on November 25, 2009. Dckt. No. 56. On November 10, 2009, plaintiff filed a document entitled "Hearing for Findings and Conclusions and Judgment on Partial Findings Pursuant to Federal Rule of Civil Procedure 52," and noticed that matter for hearing on December 23, 2009. Dckt. Nos. 59, 60. For the reasons set forth herein, the motion for summary judgment must be denied. Accordingly, the request for a hearing for "findings and conclusions and judgment" is denied. Also addressed here in is

1

plaintiff's request to proceed in this action *in forma pauperis*. As discussed below, that request is granted and the U.S. Marshal is directed to serve plaintiff's October 5, 2009 amended complaint on the Sacramento Police Department. Additionally, that matter is set for a status (pretrial scheduling) conference.

## I.   Motion for Summary Judgment

Plaintiff's October 5, 2009 motion for summary judgment, was filed on the same day as his amended complaint. He seeks summary judgment against defendants on his First, Fourth, Sixth and Fourteenth Amendment claims. Dckt. No. 53. However, as of the time of the motion Officer Dahl had not even answered plaintiff's October 5 amended complaint (Dahl did so on October 23, 2009), and defendant Sacramento Police Department still has not answered the October 5 amended complaint or otherwise appeared in this action. Indeed, it does not appear that Officer Dahl has even been served with the amended complaint. Dckt. No. 57. More importantly, after defendant Dahl moved to dismiss plaintiff's earlier complaint, the court found that "plaintiff has not stated a claim under the First, Sixth and Eighth Amendments," and those claims were dismissed *without* leave to amend. Dckt. No. 48 at 12; Dckt. No. 51.

With regard to plaintiff's Fourth and Fourteenth Amendment claims, plaintiff's motion for summary judgment only states: "Defendant used excessive force after Plaintiff informed him with the knowledge of injury. Adding extreme pressure to that injury causing excruciating pain. Denied Plaintiff within its jurisdiction the equal protection of the laws." Dckt. No. 53. Such conclusory statements do not establish that there is no genuine issue of material fact with regard to his Fourth or Fourteenth Amendment claims, or that he is entitled to judgment on those claims as a matter of law.[1] *See* Fed. R. Civ. P. 56. Accordingly, the undersigned will recommend that

---

[1] Additionally, the summary judgment motion does not comply with Local Rule 56-260(a), which requires that specific assertions of material facts that relied on in support of the motion "cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact." Plaintiff does not identify which material facts are supposedly undisputed, nor does he explain how they are material. Likewise,

plaintiff's motion for summary judgment be denied.

## II. Motion for Findings and Conclusions

Plaintiff also seeks a "Hearing for Findings and Conclusions and Judgment on Partial Findings Pursuant to Federal Rule of Civil Procedure 52." Dckt. Nos. 59, 60. Although it is unclear from this filing precisely what relief plaintiff seeks, it appears that plaintiff is seeking a bench trial on December 23, 2009 and findings and conclusions, pursuant to Federal Rule of Civil Procedure 52, as a result thereof. However, plaintiff's request is not procedurally proper. Rule 52 does not authorize plaintiff to make such a request. Rather, a trial date will be set in the court's Rule 16 scheduling order, which will issue after the court holds a status (pretrial scheduling) conference, as addressed below. Therefore, the request is denied.[2]

## III. Request to Proceed *In Forma Pauperis* and Service on the Sacramento Police Department

On November 4, 2008, plaintiff filed an application to proceed in this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. No. 8. The court disregarded that application because plaintiff was "not required to a pay a filing fee in this court or pursue an application to proceed *in forma pauperis*, since defendant . . . already paid the filing fee upon removal of this case from Superior Court." Dckt. No. 11 at 2. However, because it appears that the Sacramento Police Department has not yet been served in this action and plaintiff's application and affidavit in support of his *in forma pauperis* application demonstrate that he is unable to pay the costs of such service, as well as any additional costs or fees that may arise in this action, plaintiff's application is considered and granted. The U.S. Marshal is directed to serve the Sacramento

---

he includes no annotations citing to the relevant evidence to establish any such facts.

[2] The court notes that plaintiff has filed many procedurally improper requests/motions in this action. Plaintiff will be provided a copy of this court's Local Rules and is reminded that although he is appearing in this action *pro se*, he is still bound by the rules of procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If plaintiff continues to file procedurally improper requests, those requests may be disregarded.

Police Department with plaintiff's October 5, 2009 amended complaint, as well as with a copy of this order. *Temple v. Ellerthorpe*, 586 F. Supp. 848, 852, n.7 (D.R.I. 1984) ("If a pay-as-you-go plaintiff is, down the road, confronted with necessary expenses of litigation which overshoot his then-available means, he can at that time, by proper petition, seek refuge under § 1915."); *but cf.*, *Wiideman v. Harper*, 754 F.Supp. 808, 809 (D. Nev. 1990) (conversely, a court does not remain bound to by its initial grant of *in forma pauperis* status if the plaintiff's financial situation improves).

However, the determination that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case at any time if it determines, *inter alia*, that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).

Plaintiff's October 5, 2009 amended complaint, while not entirely clear, does allege claims against the Sacramento Police Department and Officer Gary Dahl for violations of his First, Sixth, and Fourteenth Amendment rights, and although not expressly, also alleges a claim for violation of his Fourth Amendment rights. *See* Dckt. No. 54. However, the September 30, 2009 order issued in this action dismissed plaintiff's First and Sixth Amendment claims *without* leave to amend because "[t]he complaint, although factually detailed, simply failed to present facts, which if true, give rise to a cause of action under the First Amendment," and because plaintiff's Sixth Amendment rights were "not triggered under the circumstances of this case." Dckt. No. 51; Dckt. No. 48 at 10, 11. Accordingly, plaintiff's First and Sixth Amendment claims asserted in plaintiff's October 5, 2009 amended complaint are dismissed with prejudice.

4

**IV.     Status (Pretrial Scheduling) Conference**

A Status (Pretrial Scheduling) Conference is now set in this action for March 17, 2010, at 10:00 a.m. in Courtroom No. 25 before the undersigned.  On or before March 3, 2010, the parties shall file a joint status report (or separate status reports, if unable to prepare a joint statement), describing the case and addressing the following:

      a. Progress in service of process;

      b. Possible joinder of additional parties;

      c. Expected or desired amendment of pleadings;

      d. Jurisdiction and venue;

      e. Anticipated motions and their scheduling;

      f. The report required by Rule 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

      g. Cut-off dates for discovery and law and motion, and dates for pretrial conference and trial;

      h. Special procedures, if any;

      i. Estimated trial time;

      j. Modifications of standard pretrial procedures due to the simplicity or complexity of the proceedings;

      k. Whether the case is related to any other cases, including bankruptcy;

      l. Whether a settlement conference should be scheduled;

      m. Whether the parties will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of his so acting, or whether they prefer to have a settlement conference conducted before another judge;

      n. Any other matters that may add to the just and expeditious disposition of this matter.

////

1       Accordingly, it is hereby ORDERED that:

2       1. Plaintiff's request for a "Hearing for Findings and Conclusions and Judgment on

3  Partial Findings Pursuant to Federal Rule of Civil Procedure 52," Dckt. Nos. 59, 60, is denied.

4       2. Hearing on plaintiff's motion for summary judgment, currently set for November 25,

5  2009, is vacated.

6       3. Plaintiff's application to proceed in this action *in forma pauperis* pursuant to 28

7  U.S.C. § 1915, Dckt. No. 8, is granted.

8       4. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal

9  Rule of Civil Procedure 4 for the Sacramento Police Department.

10      5. The Clerk of Court shall send plaintiff the aforementioned summons, along with one

11 USM-285 form, a copy of the October 5, 2009 amended complaint, this order, the forms

12 providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes

13 and the court's voluntary dispute resolution program, and a copy of this court's Local Rules.

14      6. Plaintiff is advised that the U.S. Marshal will require:

15          a. One completed summons;

16          b. One completed USM-285 form for the defendant to be served by the Marshal;

17          c. A copy of the complaint for the defendant to be served by the Marshal, with an

18 extra copy for the Marshal; and,

19          d. A copy of this order, the forms providing notice of the magistrate judge's

20 availability to exercise jurisdiction for all purposes, and the forms providing notice of the court's

21 voluntary dispute resolution program.

22      7. Plaintiff shall supply the Marshal, within 15 days from the date this order is filed, all

23 information needed by the Marshal to effect service of process on the Sacramento Police

24 Department, and *shall, within 10 days thereafter, file a statement with the court that said*

25 *documents have been submitted to the Marshal*.

26 ////

6

8. The Marshal shall serve process, along with copies of this order, the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes, and the forms providing notice of the court's voluntary dispute resolution program, on the Sacramento Police Department. Such service shall be completed within 90 days of receipt of the required information from plaintiff, without prepayment of costs. *The Marshal shall, within 10 days thereafter, file a statement with the court that said documents have been served.* If the Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

9. The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

10. A status (pretrial scheduling) conference is set for March 17, 2010 at 10:00 a.m. in Courtroom No. 25.

11. On or before March 3, 2010, the parties shall file a status report addressing the matters set forth above.

Further, it is hereby RECOMMENDED that plaintiff's motion for summary judgment, Dckt. No. 53, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 23, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7