IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

    Plaintiff,

vs.

SACRAMENTO POLICE DEPARTMENT,
OFFICER GARY DAHL #672,

    Defendants.
_____/

No. CIV S-08-2547 LKK EFB PS

<u>ORDER AND
ORDER TO SHOW CAUSE</u>

Plaintiff is proceeding *pro se* in this action, which was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On October 5, 2009, plaintiff filed an amended complaint against the Sacramento Police Department and Officer Gary Dahl. Dckt. No. 54. On October 23, 2009, defendant Dahl filed an answer to the amended complaint. Dckt. No. 57.

On November 23, 2009, the undersigned granted plaintiff's request to proceed in this action *in forma pauperis*, directed the clerk to provide plaintiff with the forms required to effect service on the Sacramento Police Department, and directed plaintiff to provide to the U.S. Marshal within fifteen days all information needed to effect service of process and to file a statement with the court within ten days thereafter that the documents were submitted. Dckt. No. 61. The order also set a status (pretrial scheduling) conference for March 17, 2010, and directed

the parties to file a status report on or before March 3, 2010. *Id.*

The docket reveals that plaintiff has not filed a statement that the service documents were submitted to the Marshal, and the Marshal indicated on March 5, 2010 that he has not received the service documents from plaintiff. Additionally, plaintiff has not filed a status report, as required by the November 23, 2009 order. Defendant Dahl states in his status report, filed March 3, 2010, that he "has been unable to communicate with Plaintiff in an attempt to prepare a joint status report." Dckt. No. 71. Therefore, the status (pretrial scheduling) conference will be continued and plaintiff will be ordered to show cause why the Sacramento Police Department should not be dismissed due to plaintiff's failure to prosecute the action against that defendant, and why plaintiff should not be sanctioned for failing to comply with the November 23, 2009 order. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

Additionally, on November 30, 2009, plaintiff filed a motion to proceed in forma pauperis, a motion for reconsideration, and a "motion for transcripts at the government's expense." Dckt. Nos. 66, 68, 69. Plaintiff's motion to proceed in forma pauperis will be denied as moot since plaintiff was granted in forma pauperis status in the November 23, 2009 order. The motion for reconsideration was construed as objections to the November 23, 2009 findings and recommendations and, so construed, were considered by the district judge. Dckt. No. 70.

The motion for transcripts will also be denied. Although the in forma pauperis statute does authorize the court to direct the United States to cover the expenses of preparing certain transcripts, it may only do so "if such transcript is required by the district court, in the case of

2

proceedings conducted under section 636(b) of this title . . . ." 28 U.S.C. § 1915(c); *see also Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . . ."). Here, plaintiff seeks the transcript of "a hearing that was discussed during district court to support what the Plaintiff has brought to the light in his brief." Dckt. No. 69. The only hearing that has been held in this action was the January 21, 2009 hearing on defendant Dahl's motion to dismiss an earlier complaint filed by plaintiff. Dckt. No. 15. Because the motion to dismiss was denied as moot due to plaintiff's filing of an amended complaint, Dckt. No. 16, the transcript of the January 21, 2009 hearing is not "required by the district court." Therefore, plaintiff is not entitled to a transcript of that hearing "at government expense."

Accordingly, IT IS HEREBY ORDERED that:

1. The status conference currently scheduled for March 17, 2010, is continued to May 19, 2010, at 10:00 a.m., in Courtroom No. 24.

2. Plaintiff shall show cause, in writing, on or before May 5, 2010, why the Sacramento Police Department should not be dismissed due to plaintiff's failure to prosecute the action against that defendant, and why plaintiff should not be sanctioned for failing to comply with the November 23, 2009 order.

3. Also by May 5, 2010, plaintiff shall file a status report setting forth the matters referenced in the court's November 23, 2009 order, including the status of service of process.

4. Failure of plaintiff to comply with this order may result in the imposition of sanctions, including a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

5. Plaintiff's motion to proceed in forma pauperis, Dckt. No. 66, is denied as moot.

6. Plaintiff's motion for transcripts, Dckt. No. 69, is denied.

////

7. The Clerk is directed to terminate Dckt. No. 68.

Dated: March 10, 2010.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE