IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

    Plaintiff,

vs.

SACRAMENTO POLICE DEPARTMENT, OFFICER GARY DAHL #672,

    Defendants.

       /

No. CIV S-08-2547 LKK EFB PS

<u>ORDER AND</u>
<u>FINDINGS AND RECOMMENDATIONS</u>

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action, which was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On October 5, 2009, plaintiff filed an amended complaint against the Sacramento Police Department and Officer Gary Dahl. Dckt. No. 54. On October 23, 2009, defendant Dahl filed an answer to the amended complaint. Dckt. No. 57.

On November 23, 2009, the undersigned directed the clerk to provide plaintiff with the forms required to effect service on the Sacramento Police Department, and directed plaintiff to provide to the U.S. Marshal within fifteen days all information needed to effect service of process and to file a statement with the court within ten days thereafter that the documents were submitted. Dckt. No. 61. The order also set a status (pretrial scheduling) conference for March 17, 2010, and directed the parties to file a status report on or before March 3, 2010. *Id.*

1

On March 10, 2010, because plaintiff had not filed a statement that the service documents were submitted to the Marshal; plaintiff had not filed a status report, as required by the November 23, 2009 order; and defendant Dahl had stated in his status report that he had "been unable to communicate with Plaintiff in an attempt to prepare a joint status report," Dckt. No. 71, the status (pretrial scheduling) conference was continued to May 19, 2010.  Additionally, plaintiff was ordered to show cause why the Sacramento Police Department should not be dismissed due to plaintiff's failure to prosecute the action against that defendant, and why plaintiff should not be sanctioned for failing to comply with the November 23, 2009 order.  Dckt. No. 72 (citing Fed. R. Civ. P. 41(b); L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); and *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.")).  The order further required plaintiff to file a status report by May 5, 2010, and stated that "[f]ailure of plaintiff to comply with this order may result in the imposition of sanctions, including a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b)."  Dckt. No. 72.

Plaintiff has not filed a response to the March 10, 2010 order to show cause, has not filed a status report as required by the November 23, 2009 and March 10, 2010 orders, and has not demonstrated that he has provided to the Marshal the documents necessary for service on defendant Sacramento Police Department.  Therefore, the undersigned will recommend that this case be dismissed for failure to prosecute.  *See* Fed. R. Civ. P. 41(b); L.R. 110.

////

////

////

1    Accordingly, IT IS HEREBY ORDERED that the status (pretrial scheduling) conference

2 currently set for hearing on May 19, 2010, is vacated.[1]

3    IT IS FURTHER RECOMMENDED that:

4    1. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on

5 plaintiff's failure to prosecute the action; and

6    2. The Clerk of Court be directed to close this case.

7    These findings and recommendations are submitted to the United States District Judge

8 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

9 after being served with these findings and recommendations, any party may file written

10 objections with the court and serve a copy on all parties.  Such a document should be captioned

11 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

12 within the specified time may waive the right to appeal the District Court's order. *Turner v.*

13 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

14 DATED:  May 11, 2010.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] If the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

3